| | |
|---|---|
| **JANE DOE**, a student, by and through her parents, **JOHN DOE**, her father, and **MARY DOE**, her mother, and Her Parents, Individually, John and Mary Doe, <br><br> And, <br><br> **GRACE ROE**, a Student, by and through her parents, **JAMES ROE**, her father, and **MARGARET ROE**, Her Mother, and Her Parents, Individually, James Roe and Margaret Roe, <br><br>    Plaintiffs, <br><br> VS. <br><br> **CURREY INGRAM ACADEMY**, <br><br>    Defendant. | NO . <br><br><br> JURY DEMAND |

## COMPLAINT

Plaintiffs Jane Doe, through her parents, and her parents individually, John Doe and Mary Doe (pseudonyms) and Grace Roe, through her parents, and her parents individually, James and Margaret Roe (pseudonyms), by and through counsel, hereby state as follows in support of their Complaint against Defendant Currey Ingram Academy:

## PARTIES, JURISDICTION, AND VENUE

1.     Minor-Plaintiff, Jane Doe, is and was at all relevant times, a minor. Minor-Plaintiff Jane Doe resides with her parents, her father, John Doe, and her mother, Mary Doe, in Franklin, Tennessee. Plaintiffs respectfully request that the Court permit them to file this

Complaint under a pseudonym, due to the highly private, sensitive and emotionally difficult nature of the allegations and the prospect of publicity that may intrude into deeply personal matters as Jane Doe is a minor who suffered sexual abuse as a child.

2.    Minor-Plaintiff, Grace Roe, is and was at all relevant times, a minor. Minor-Plaintiff Grace Roe resides with her parents, her father, James Roe, and her mother, Margaret Roe, in Nashville, Tennessee. Plaintiffs respectfully request that the Court permit them to file this Complaint under a pseudonym, due to the highly private, sensitive and emotionally difficult nature of the allegations and the prospect of publicity that may intrude into deeply personal matters as Grace Roe is a minor who suffered sexual abuse as a child.

3.    Plaintiffs have sought leave of Court to proceed anonymously with the filing of their Motion for Leave to Proceed Anonymously and for a Protective Order Pursuant to Federal Rule of Civil Procedure 26(b). That motion was filed concurrently with the filing of this Complaint.

4.    Defendant Currey Ingram Academy (hereinafter "CIA") is a K-12 day and boarding school located at 6544 Murray Ln, Brentwood, TN 37027. Defendant CIA is a school for children with learning difficulties, including autistic children.

5.    Defendant, CIA, is an educational institution as defined by 20 U.S.C.A. §1681(c), Title IX, Education Amendments of 1972 (hereinafter "Title IX") and receives federal financial assistance through, amongst other things, tax-free status as a 501(c)(3) entity.

6.    At all relevant times, Defendant CIA acted directly and by and through its agents, servants, and employees and was responsible for ensuring that its employees were properly trained and supervised to perform their job duties and functions, and that all of its students,

including minor-Plaintiffs Jane Doe and Grace Roe, were kept safe and free from harm, abuse, assault and a hostile/harassing school environment.

7.     At all relevant times, CIA has, among other activities, hired and supervised employees and administrators, including headmaster Dr. Jeffrey L. Mitchell, teacher Boyd Rappelt, middle school division head Mary Ragsdale, and counselors Amanda-Jo Serrano, and Elizabeth Faulks.

8.     At all relevant times, CIA has promulgated employment and personnel policies and procedures, including those that are ostensibly meant to safeguard the well-being of students.

9.     At the time of the events described in this Complaint, Plaintiffs were students of Defendant CIA.

10.     At the time of the events described in this Complaint, Brenda Doe was another minor student at Defendant CIA, and the daughter of a CIA employee.

11.     CIA is vicariously liable for all tortious conduct of its employees, teachers, administrators, staff members, faculty, and agents, and the conduct of Brenda Doe, alleged herein to have been committed.

12.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over any civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

13.     This Court has supplemental subject matter jurisdiction over all related state claims herein pursuant to 28 U.S.C. § 1367, which gives the federal district courts jurisdiction over all

other claims related to claims in the action by which the Court has original jurisdiction that are arising out of the same case or controversy under Article III of the United States Constitution.

14.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in the judicial district where this action is brought.

## FACTS COMMON TO ALL CAUSES OF ACTION

15.     As recognized by the United States Department of Education in a July 1, 1998, press release, "Schools owe students a safe environment that is conducive to learning and that affords children equal educational opportunity regardless of sex."

16.     During the 2021-2022 school year, Plaintiffs suffered extraordinary harm due to being sexually abused and harassed as a result of the conduct of Defendant CIA and the sexually hostile environment at CIA that was created by Defendant CIA, which Defendant CIA failed to correct or properly address, despite their actual knowledge thereof.

## PLAINTIFF JANE DOE

17.     In 2018, Plaintiff Jane Doe enrolled at CIA as a 4th grade student.

18.     In or around the fall of 2021, when Jane Doe was in the 6th grade and was approximately 13, she was sexually abused by Brenda Doe, who was also in the 6th grade and approximately 12 years old, at CIA. This abuse and assault occurred during a music class and other places on CIA's campus.

19.     Brenda Doe further sexually abused and assaulted Plaintiff Jane Doe on multiple occasions throughout the fall of 2021 and spring of 2022. These incidents occurred at CIA's property (including in Music class, track and field, cheer practice, physical education class, volleyball practice, in the bathroom, and at an athletic event for which she cheered), as well as at Brenda Doe's home, and the Opryland Hotel in Nashville, TN.  When Brenda Doe's mother

invited children to her home she would message the parents from her official CIA email account, which had her titles and roles listed therein with CIA.

20.     In March of 2021, Grace Roe reported "inappropriate touching" by Brenda Doe to the school counselor, Amanda-Jo Serrano ("Serrano"). Several other girls, including Jane Doe, were aware of this report, talked to Seranno, and supported their friend. However, Serrano responded that she did not want to know the details of the incidents and encouraged them to not only forgive the offending student but also include Brenda Doe in their friend group.

21.     In 2022, Brenda Doe sexually abused another student at Brenda Doe's home. That child-victim immediately told her parents and her psychologist. She also called Brenda Doe's mother to alert her of the abuse. Brenda Doe's mother, who was an employee of CIA, took no corrective action whatsoever, despite her being a mandatory reporter and continued to allow her daughter access to CIA students—at school (where abuse was occurring), at her home (where abuse was occurring), and at sleepovers in other locations (where abuse was occurring).

22.     On March 25, 2022, several students, including Plaintiffs Jane Doe and Grace Roe, reported inappropriate sexual behavior by Brenda Doe to a new school counselor, Elizabeth Faulks ("Faulks").

23.     On March 28, Faulks met individually with each of the girls that had reported inappropriate behavior and sexually abusive conduct by Brenda Doe. In this conversation, Jane Doe reported to the counselor that Brenda Doe had sexually abused and assaulted her. She also reported that Brenda Doe had called her the "n word." This was not the first time that racial slurs were used towards Jane Doe on CIA's campus.

24.     Faulks responded by asking Jane Doe what she could have done to precipitate this racial slur being used towards her and Faulks also admonished Jane Doe for not reporting this event sooner.

25.     Faulks called Jane Doe's mother, Mary Doe, to notify her that "inappropriate touching" had occurred, but did not disclose that Jane Doe was, in fact, sexually abused by Brenda Doe. Even when Mary Doe asked her directly, Faulks indicated Jane Doe had *not* been sexually abused.

26.     Despite these representations, Mary Doe subsequently spoke with Jane Doe and determined not only that her child had been abused, but also that several other CIA students had been abused as well on CIA's campus, and in the car and home of CIA employee Brenda Doe's mother.

27.     On March 29, 2022, John and Mary Doe, as well as two other parents of other victims of Brenda Doe alerted the Child Abuse Hotline and the police. Even though they are mandatory reporters of abuse, no representative of CIA had done this. Specifically, upon information and belief, Brenda Doe's abuse of other CIA students was reported to Serrano a year prior and to Faulks four days prior to the report being made to the Hotline. Neither of these counselors reported to authorities, nor did any representative of the school until days *after* the victims' parents did so.

28.     On March 30, 2022, Mary Doe called the headmaster, Dr. Jeffrey L. Mitchell ("Mitchell"), who conveyed that Brenda Doe's mother, an employee in an administrative capacity at the school, expressed shock and frustration over the allegations against her daughter, saying that "this had not happened ever before" and "no one has ever mentioned such abuse." This was patently false.

29.     On March 30, 2022, after Jane Doe's mother emailed a detailed list of abuse that had occurred on campus, Grace Roe requested that she be separated from Brenda Doe in class if Brenda Doe came back. Middle School Division Head Mary Ragsdale ("Ragsdale") and Faulks declined this reasonable request.

30.     On or about April 6, 2022, Brenda Doe was not in attendance at CIA, and did not return thereafter. No reason for Brenda Doe's absence was communicated to John Doe, Mary Doe, or Jane Doe.

31.     During that same week, Mary Doe emailed headmaster Mitchell, asking whether Brenda Doe would be continuing to attend school at CIA, but he refused to answer, citing confidentiality rules. As a result, Mary Doe had no assurance that her daughter would not be subjected to seeing and being in the presence of her abuser while at CIA.

32.     On April 12, 2022, Jane Doe, while at CIA, was questioned and harassed at school by other students about the abuse.

33.     The next day at school, Jane Doe told Ragsdale that she wanted to leave and that her mother gave her permission to call her should she feel the need to be picked up. However, Ragsdale did not allow her to call her mother or leave campus, thereby subjecting Jane Doe to additional harm.

34.     After contacting authorities, victims of Brenda Doe reported being singled out for infractions at CIA at a higher rate than had occurred over previous years at the school. For instance, on May 19, 2022, CIA Science teacher Boyd Rappelt ("Rappelt") had called Jane Doe an "unteachable brat" in front of the class. In response, to Mary Doe's question about this to Ragsdale, Rappelt sent a message that evening to Jane Doe's parents accusing Jane Doe of being a classroom disruptor, an impediment to learning, a bully, disrespectful, and that she was

"causing many of her own problems and that her teachers are actually trying tirelessly to support and help her." Rappelt also wrote, "I'm also not sure who decided it was a good idea to give so much agency" to Jane Doe and further claimed that she habitually made accusations against others without a "factual basis."

35.     On May 20, 2022, Mary Ragsdale and another teacher, Miss Elizabeth Banks, told Jane Doe's parents that this was not an accurate characterization of Jane Doe's personality or behavior. Since Jane Doe's parents had several parent/teacher conferences with Rappelt before the sexual abuse was known by the parents, in which Rappelt had not indicated any behavior problems, this vitriolic email was sent as a means of whistleblower retaliation against Jane Doe and her family.

36.     In August of 2022, Jane Doe transferred to another school, as did at least two other minor victims who were sexually abused by Brenda Doe.

37.     In August of 2022, the pre-trial diversion for Brenda Doe was completed. As part of her pre-trial diversion, Brenda Doe was not permitted to have contact with the minor Plaintiffs and her other victims.

38.     Upon information and belief, CIA has never reprimanded nor disciplined Brenda Doe's mother, Faulks, Serrano, Ragsdale, Rappelt or any other employee for any of the above-described conduct. Furthermore, upon information and belief, Brenda Doe's mother continues to invite other young children, including CIA students, to her home for sleepovers and other play dates with Brenda Doe.

39.     As a direct and proximate result of the negligent, reckless, and intentional conduct of Defendant CIA, Plaintiff Jane Doe has suffered injuries she would not otherwise have suffered, include, but are not limited to, the following:

a. Physical pain and injury;
b. Ongoing humiliation, embarrassment, shame, and guilt;
c. Emotional harm;
d. Severe mental anguish and despair;
e. Severe anxiety, nervousness, fearfulness, and panic attacks;
f. Flashbacks, intrusive thoughts and night terrors;
g. Post-traumatic stress disorder;
h. Depression;
i. Profound anger;
j. Personality changes;
k. Physical pain, nausea, and stress;
l. Sleeplessness;
m. A loss of enjoyment of life;
n. Social isolation;
o. Fear and terror:
p. Extreme difficulty in trusting and interacting with others;
q. Other damages as may become apparent during the course of discovery.

40.     But for Defendant CIA's negligent and reckless acts and omissions described herein, the sexual abuse of Plaintiff Jane Doe would have stopped after the first report and minor-Plaintiff Jane Doe would not have had to endure a full year of trauma, sexual assault and harassment, which culminated in a transfer to another school.

41.     This lawsuit seeks all compensatory damages available in Tennessee for Plaintiff Jane Doe's injuries.

42.     This lawsuit seeks punitive damages for the acts described herein involving a conscious disregard for the known risk of harm posed to Plaintiff, which constitutes reckless conduct.

**PLAINTIFF GRACE ROE**

43.     In January of 2021, Plaintiff Grace Roe enrolled at CIA as a 6th grade student.

44.     On or around March 26, 2021, when Plaintiff Grace Roe was in the 6th grade and was approximately 12 years old, she was sexually abused by Brenda Doe, who was also in the 6th grade and approximately 12 years old at CIA. This assault occurred in Brenda Doe's mother's

vehicle while Brenda Doe's mother was driving Brenda Doe and Grace Roe to Brenda Doe's home for a sleepover. Upon information and belief, Brenda Doe's mother is an employee of CIA.

45.     Plaintiff Grace Roe was further sexually abused by Brenda Doe at Brenda Doe's home during the sleepover.

46.     Brenda Doe further sexually abused and assaulted Plaintiff Grace Roe on multiple occasions throughout the remaining months of 2021 and continuing into March of 2022 and beyond. These incidents occurred at several locations, including but not limited to, Brenda Doe's and the Opryland Hotel in Nashville, TN.

47.     In March of 2021, Grace Roe reported "inappropriate touching" by Brenda Doe to the school counselor, Amanda-Jo Serrano ("Serrano"). Several other girls, including Jane Doe, were aware of this report, talked to Seranno, and supported their friend. However, Serrano responded that she did not want to know the details of the incidents and encouraged them to not only forgive the offending student but also include Brenda Doe in their friend group.

48.     Throughout the ensuing months, of 2021 and into 2022, Brenda Doe continued to sexually abuse Plaintiff Grace Roe at Brenda Doe's home, at the home of other CIA students during sleepovers, and at the Opryland Hotel.

49.     In 2022, Brenda Doe sexually abused another student at Brenda Doe's home. That victim immediately told her parents and her psychologist. She also called Brenda Doe's mother to alert her of the abuse. Brenda Doe's mother, who was an employee of CIA, took no corrective action whatsoever and continued to allow her daughter her daughter access to CIA students—at school (where abuse was occurring), at her home (where abuse was occurring), and at sleepovers in other locations (where abuse was occurring).

50.     On March 25, 2022, several students, including Plaintiffs Jane Doe and Grace Roe, reported inappropriate sexual behavior by Brenda Doe to a new school counselor, Elizabeth Faulks.

51.     On March 28, 2022, Faulks met individually with each of the girls that had reported inappropriate behavior by Brenda Doe. Plaintiff Grace Roe reported to her mother that Faulks instructed the students not to discuss the abuse with each other, and to not talk about the abuse at all.

52.     Faulks finally called Margaret Roe on or about March 28, 2022—three days after being informed of Grace Roe's assault—to notify her that incidents had been reported and that Margaret Roe needed to speak to her daughter, Grace Roe, about them. She further relayed to Margaret Roe that "everyone was okay," that "it was not an emergency" and that she couldn't give Margaret Roe more information.

53.     On March 29, 2022, Margaret Roe emailed CIA headmaster, Dr. Jeffrey Mitchell, to request a meeting to discuss her daughter, Grace Roe's, abuse.

54.     On March 29, 2022, James and Margaret Roe, as well as two other parents of other victims of Brenda Doe alerted the Child Abuse Hotline and the police. Even though they are mandatory reporters of abuse, no representative of CIA had done this. Specifically, upon information and belief, Brenda Doe's abuse of other CIA students was reported to Serrano a year prior and to Faulks four days prior to the report being made to the Hotline. Neither of these counselors reported to authorities, nor did any representative of the school until days *after* the victims' parents did so.

55.     On April 1, 2022, Margaret Roe emailed Dr. Mitchell, Ms. Faulks and Mary Ragsdale, the CIA middle school division leader, requesting that Faulks not discuss any of the

abuse with Grace Roe in "Girls Group" and, if the need to do so arises, that she and James Roe be informed of the discussion. Faulks responded that, in lieu of attending "Girls Group," Grace Roe and other students would have a study hall during that period.

56.     On April 4, 2022, Margaret Roe emailed headmaster Dr. Mitchell alerting him to the fact that Brenda Doe was telling other students about her sexual assaults of Plaintiffs and other students, and that this information was being spread amongst the CIA students.

57.     On or about April 6, 2022, Brenda Doe was not in attendance at CIA, and did not return thereafter. No reason for Brenda Doe's absence was communicated to James Roe, Margaret Roe, nor Grace Roe.

58.     On April 12, 2022, Margaret Roe again emailed headmaster Dr. Mitchell to reiterate that information pertaining to Plaintiff Grace Roe's abuse continued to be spread throughout the student body of CIA, and imploring him to put an end to it. She further informed him that Grace Roe had completed a forensic interview with the Child Advocacy Center and that Dr. Mitchell should expect a communication from CAC Detective Kendyll Cobb regarding the ongoing hurtful conversations going on at CIA.

59.     Sometime in April or May 2022, another CIA employee, Boyd Rappelt, told Plaintiffs Jane Doe and Grace Roe that that situation was their fault and that they did this to themselves. Upon information and belief, he said this to the minor Plaintiffs in front of their entire class.

60.     Over the summer and into the fall of 2022, Margaret Roe frequently contacted Dr. Mitchell about whether Brenda Doe would be returning to CIA. Dr. Mitchell still would not provide this information, citing confidentiality. In the fall of 2022, Dr. Mitchell told Margaret

Roe that he would inform her if Brenda Doe would be returning to CIA for the new school year. However, no such information was provided prior to the start of the new school year.

61.     Grace Roe returned to CIA in the fall of 2022 under a cloud of suspicion over whether Brenda Doe would be in attendance or returning.

62.     Brenda Doe's mother continues to be employed by CIA, has access to the CIA buildings where Grace Roe attends classes, and Grace Roe frequently sees her—the mother of her abuser and owner of the home that was a location where her abuse occurred—at school.

63.     Upon information and belief, CIA has never reprimanded nor disciplined Brenda Doe's mother, Faulks, Serrano, Ragsdale, or Rappelt for any of the above-described conduct. Furthermore, upon information and belief, Brenda Doe's mother continues to invite other young children, including CIA students, to her home for sleepovers and other play dates with Brenda Doe.

64.     As a direct and proximate result of the negligent, reckless, and intentional conduct of Defendant, Plaintiff Grace Roe has suffered injuries she would not otherwise have suffered, including, but not limited to, the following:

        a.   Physical pain and injury;
        b.   Ongoing humiliation, embarrassment, shame, and guilt;
        c.   Emotional harm;
        d.   Severe mental anguish and despair;
        e.   Severe anxiety, nervousness, fearfulness, and panic attacks;
        f.   Flashbacks, intrusive thoughts and night terrors;
        g.   Post-traumatic stress disorder;
        h.   Depression;
        i.   Profound anger;
        j.   Personality changes;
        k.   Physical pain, nausea, and stress;
        l.   Sleeplessness;
        m.   A loss of enjoyment of life;
        n.   Social isolation;
        o.   Fear and terror:
        p.   Extreme difficulty in trusting and interacting with others;

q. Other damages as may become apparent during the course of discovery.

65.    But for Defendant CIA's negligent and reckless acts and omissions described herein, the sexual abuse would have stopped after the first report and minor-Plaintiff Grace Roe would not have had to endure more trauma, sexual assault, and ongoing harassment.

66.    This lawsuit seeks all compensatory damages available in Tennessee for Plaintiff Grace Roe's injuries.

67.    This lawsuit seeks punitive damages for the acts described herein involving a conscious disregard for the known risk of harm posed to Plaintiff Grace Roe, which constitutes reckless conduct.

## COUNT I
### Violations Pursuant to 20 U.S.C.A. §1681(c), Title IX, Education Amendments of 1972
### Plaintiffs Jane Doe, John Doe and Mary Doe v. Defendant, Currey Ingram Academy

68.    Plaintiffs Jane Doe, John Doe, and Mary Doe incorporate the foregoing paragraphs as if set forth fully herein.

69.    Plaintiffs asserts that the defendant, CIA, by and through its agents and servants, violated the requirements of Title IX by the following acts and omissions, all of which were conducted and/or failed to be conducted in reckless and deliberate indifference to the rights of Plaintiff Jane Doe guaranteed by Title XI and the United States Constitution, as outlined more fully below, and in reckless and deliberate indifference to the risk of harm posed to Plaintiff Jane Doe:

a. failing to have in place, enforce and/or train upon an explicit policy banning sexual harassment of students at CIA;

b. failing to have in place, enforce and/or train upon policies designed to provide for identification of abused children;

c. failing to appoint and designate a Title IX coordinator to investigate complaints of sexual harassment and/or abuse committed by Brenda Doe and/or failing to adequately investigate multiple complaints about her;

d. affirmatively allowing Brenda Doe to remain as a student at CIA after it CIA learned of her sexual abuse of other students in their care and custody;

e. failing to communicate to students and their guardians the identity of the Title XI coordinator, as required by 34 C.F.R. Sect. 106.8(a);

f. actively disregarding known sexual harassment and abuse of which defendants were aware based upon complaints of staff, students, and/or parents at CIA;

g. failing to take immediate and appropriate corrective actions to remedy the known harassment and abuse by Brenda Doe of Plaintiff Jane Doe and other students;

h. taking steps that were known or which should have been known to CIA to be ineffectual in eliminating Brenda Doe's sexual harassment and abuse of students at CIA;

i. failing to have in place, enforce, and/or train its employees, administration, faculty, staff, and agents appropriate grievance procedures for the prompt and equitable resolution of sexual harassment and sex discrimination complaints, in violation of Title IX;

j. failing to have in place, enforce and/or train its employees, administration, faculty, staff, and agents policies concerning sexual harassment, inappropriate communications, and out of school contact of students;

k. failing to have in place, enforce and/or train its employees, administration, faculty, staff, and agents how to address student misconduct;

l.  failing to contact the county agency and/or law enforcement officials to conduct an investigation regarding Brenda Doe's sexual abuse and harassment of Plaintiff Jane Doe;

m.  alternatively, putting into a place a policy providing for the internal investigation of sexual harassment and abuse of students, rather than requiring such allegations be reported to and investigated by county agencies and/or law enforcement;

n.  requiring Plaintiff to continue in school interactions with Brenda Doe, and therefore subjecting Plaintiff to repeated exposure to a sexually hostile educational environment, including for the entirety of the 2021-2022 school year;

o.  completely failing to supervise Brenda Doe when Defendant CIA knew of her inappropriate contact with students;

p.  failing to immediately report acts of child abuse to the county agency or law enforcement officials, as required by Tennessee law, when Defendant CIA had actual knowledge and/or reasonable cause to suspect child abuse;

q.  failing to establish and/or enforce written policies and procedures for the reporting of suspected child abuse to county agency and/or law enforcement officials;

r.  alternatively, failing to follow its own policies and procedures for the reporting of suspected child abuse to county agencies and/or law enforcement officials;

s.  knowingly failing to establish an atmosphere throughout the school in which children would feel safe, secure and happy and, in addition, have maximum opportunity to learn;

t.  knowingly failing to establish a policy, atmosphere, practice and/or custom throughout the school in which staff would be able to recognize and report sexual abuse or harassment, and where failure to do so would result in punishment, up to and including suspension or expulsion;

u. failing to provide student to student sexual harassment/abuse training for its staff and students, thus exhibiting deliberate indifference to this condition at its school;

v. failing to have in place policies regarding:

      i.      physical contact between students;

      ii.      the immediate reporting of sexual assault, harassment and/or abuse of students;

      iii.      ratifying and accepting the inappropriate actions of Brenda Doe as described herein;

      iv.      failing to have in place a "zero tolerance" policy for sexual harassment and abuse at CIA;

      v.      failing to give adequate training to staff members in Title IX requirements to protect against sexual harassment and abuse of students;

      vi.      failing to enforce CIA's unlawful harassment policy, if same existed;

      vii.      failing to have in place, enforce, and/or train its employees, administration, faculty, staff, and agents on policies encouraging and requiring staff to cooperate with law enforcement agencies for the protection of students;

      viii.      failing to provide appropriate supervision, mentoring, and/or training to Brenda Doe and Defendant's employees;

      ix.      the improper internal investigation of allegations of student sexual abuse, rather than reporting suspected abuse to authorities;

      x.      creating, through both inaction and affirmative actions designed to conceal acts of sexual misconduct, a sexually hostile educational environment in which improper and dangerous student relationships were tolerated and effectively encouraged; and

xi.     denying plaintiff the reasonable ability to  continue her "special needs" education at CIA.

70.     Defendant CIA's actions and inactions altered the conditions of minor-Plaintiff Jane Doe's educational environment and created a sexually hostile educational environment.

71.     As a direct and proximate result of defendant's conduct described herein, minor-Plaintiffs Jane Doe was caused to suffer emotional and physical injuries, including, but not limited to, post-traumatic stress disorder, depression, anxiety disorder, oppositional defiant disorder, embarrassment, humiliation, and has incurred and/or will likely incur future expenses for medical and psychological treatment.

WHEREFORE, Plaintiffs demand judgment against Defendant Currey Ingram Academy in a sum in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT II
### Violations Pursuant to 20 U.S.C.A. §1681(c), Title IX, Education Amendments of 1972
**Plaintiffs Grace Roe, James Roe and Margaret Roe v. Defendant, Currey Ingram Academy**

72.     Plaintiffs Grace Roe, James Roe and Margaret Roe incorporate the foregoing paragraphs as if set forth fully herein.

73.     Plaintiffs asserts that the defendant, CIA, by and through its agents and servants, violated the requirements of Title IX by the following acts and omissions, all of which were conducted and/or failed to be conducted in reckless and deliberate indifference to the rights of Plaintiff Jane Doe guaranteed by Title XI and the United States Constitution, as outlined more fully below, and in reckless and deliberate indifference to the risk of harm posed to Plaintiff Jane Doe:

a. failing to have in place, enforce and/or train upon an explicit policy banning sexual harassment of students at CIA;

b. failing to have in place, enforce and/or train upon policies designed to provide for identification of abused children;

c. failing to appoint and designate a Title IX coordinator to investigate complaints of sexual harassment and/or abuse committed by Brenda Doe and/or failing to adequately investigate multiple complaints about her;

d. affirmatively allowing Brenda Doe to remain as a student at CIA after it CIA learned of her sexual abuse of other students in their care and custody;

e. failing to communicate to students and their guardians the identity of the Title XI coordinator, as required by 34 C.F.R. Sect. 106.8(a);

f. actively disregarding known sexual harassment and abuse of which defendants were aware based upon complaints of staff, students, and/or parents at CIA;

g. failing to take immediate and appropriate corrective actions to remedy the known harassment and abuse by Brenda Doe of Plaintiff Jane Doe and other students;

h. taking steps that were known or which should have been known to CIA to be ineffectual in eliminating Brenda Doe's sexual harassment and abuse of students at CIA;

i. failing to have in place, enforce, and/or train its employees, administration, faculty, staff, and agents appropriate grievance procedures for the prompt and equitable resolution of sexual harassment and sex discrimination complaints, in violation of Title IX;

j. failing to have in place, enforce and/or train its employees, administration, faculty, staff, and agents policies concerning sexual harassment, inappropriate communications, and out of school contact of students;

k. failing to have in place, enforce and/or train its employees, administration, faculty, staff, and agents how to address student misconduct;

19

l.  failing to contact the county agency and/or law enforcement officials to conduct an investigation regarding Brenda Doe's sexual abuse and harassment of Plaintiff Jane Doe;

m.  alternatively, putting into a place a policy providing for the internal investigation of sexual harassment and abuse of students, rather than requiring such allegations be reported to and investigated by county agencies and/or law enforcement;

n.  requiring Plaintiff to continue in school interactions with Brenda Doe, and therefore subjecting Plaintiff to repeated exposure to a sexually hostile educational environment, including for the entirety of the 2021-2022 school year;

o.  completely failing to supervise Brenda Doe when Defendant CIA knew of her inappropriate contact with students;

p.  failing to immediately report acts of child abuse to the county agency or law enforcement officials, as required by Tennessee law, when Defendant CIA had actual knowledge and/or reasonable cause to suspect child abuse;

q.  failing to establish written policies and procedures for the reporting of suspected child abuse to county agency and/or law enforcement officials;

r.  alternatively, failing to follow its own policies and procedures for the reporting of suspected child abuse to county agencies and/or law enforcement officials;

s.  knowingly failing to establish an atmosphere throughout the school in which children would feel safe, secure and happy and, in addition, have maximum opportunity to learn;

t.  knowingly failing to establish a policy, atmosphere, practice and/or custom throughout the school in which staff would be able to recognize and report sexual abuse or harassment, and where failure to do so would result in punishment, up to and including suspension or expulsion;

u.  failing to provide student to student sexual harassment/abuse training for its staff and students, thus exhibiting deliberate indifference to this condition at its school;

v.  failing to have in place policies regarding:

    i.  physical contact between students;

ii.   the immediate reporting of sexual assault, harassment and/or abuse of students;

iii.  ratifying and accepting the inappropriate actions of Brenda Doe as described herein;

iv.   failing to have in place a "zero tolerance" policy for sexual harassment and abuse at CIA;

v.    failing to give adequate training to staff members in Title IX requirements to protect against sexual harassment and abuse of students;

vi.   failing to enforce CIA's unlawful harassment policy, if same existed;

vii.  failing to have in place, enforce, and/or train its employees, administration, faculty, staff, and agents on policies encouraging and requiring staff to cooperate with law enforcement agencies for the protection of students;

viii. failing to provide appropriate supervision, mentoring, and/or training to Brenda Doe and Defendant's employees;

ix.   the improper internal investigation of allegations of student sexual abuse, rather than reporting suspected abuse to authorities;

x.    creating, through both inaction and affirmative actions designed to conceal acts of sexual misconduct, a sexually hostile educational environment in which improper and dangerous student relationships were tolerated and effectively encouraged; and

xi.   denying plaintiff her right to an appropriate and safe learning environment and education at CIA.

74.   Defendant, CIA's actions altered the conditions of minor-Plaintiff Grace Roe's educational environment and created a sexually hostile educational environment.

75.   As a direct and proximate result of defendant's conduct described herein, minor-Plaintiff Grace Roe was caused to suffer emotional and physical injuries, including, but not limited to, post-traumatic stress disorder, depression, anxiety disorder, embarrassment, humiliation, and has incurred and/or will likely incur future expenses for medical and psychological treatment; and Plaintiff Grace Roe continues to suffer under these conditions.

WHEREFORE, Plaintiffs demand judgment against Defendant Currey Ingram Academy in a sum in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the prevailing

arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

**COUNT III**
**NEGLIGENCE**
**Plaintiffs Jane Doe, John Doe and Mary Doe v. Defendant Currey Ingram Academy**

76.     Plaintiffs Jane Doe, John Doe and Mary Doe incorporate the foregoing paragraphs as if set forth fully herein.

77.     CIA was negligent and caused serious physical and emotional harm to Jane Doe, and to her parents as bystanders to the injury and suffering of their minor daughter, Jane Doe. Despite its control and knowledge of the danger posed by Brenda Doe, CIA failed to prevent, report, and/or remedy ongoing sexual harassment and abuse of Jane Doe. As a result, Jane Doe was foreseeably injured.

78.     Plaintiffs seek all compensatory and punitive damages available against CIA for its negligent acts and omissions resulting in serious humiliation, trauma, sexual violation, distress, and any consequential damages.

79.     Defendant CIA knew or reasonably should have known that Brenda Doe was at risk of sexually assaulting others and was capable of committing immoral acts upon minor-Plaintiff Jane Doe.

80.     After finding out about Brenda Doe's inappropriate sexual acts toward minors    , CIA did not actively investigate and/or pursue a resolution, but rather attempted to force reconciliation with the abuser and keep this information from parents and law enforcement.

81.     Defendant CIA owed minor-Plaintiff Jane Doe, its student, a special duty of care.

82.     Defendant CIA had a duty to protect minor-Plaintiff Jane Doe from reasonably foreseeable dangers posed by its other minor students, including Brenda Doe.

83.     Defendant CIA ratified Brenda Doe's inappropriate sexual conduct by declining to investigate, report, and/or discipline Brenda Doe for her inappropriate sexual conduct as to Plaintiff Jane Doe.

84.     Defendant CIA ratified the conduct of its employees and agents, including but not limited to, Mitchell, Ragsdale, Faulks, Serrano and Brenda Doe's Mother by choosing to not report known child abuse, alert the parents of victims of Brenda Doe, alert law enforcement officials, prevent Brenda Doe from coming back to CIA, and protecting Jane Doe from further harm after her abuse was reported.

85.     Minor-plaintiff Jane Doe was an invitee or licensee of Defendant CIA.

86.     Defendant CIA was under a duty to exercise reasonable care to control the conduct of Brenda Doe and prevent her from intentionally harming others or from conducting herself so as to create an unreasonable risk of bodily harm to them.

87.     Defendant CIA knew or had reason to know that Brenda Doe sexually assaulted minor students, including Jane Doe, and caused them bodily harm.

88.     Defendant CIA had a continuing duty to exercise reasonable care to prevent further injury to Jane Doe.

89.     Defendant CIA's failure to exercise reasonable care increased the risk of harm to Jane Doe from Brenda Doe.

90.     Through each of these negligent acts and omissions, Defendant CIA acted in reckless disregard of the safety of minor-Plaintiff Jane Doe and knew or had reason to know of facts which would lead a reasonable person to realize that its conduct created an unreasonable risk of physical harm to Jane Doe, but also that such risk was substantially greater than that which is necessary to make their conduct not negligent.

91. It was reasonably foreseeable that if Defendant CIA did not adequately exercise reasonable care toward minor-Plaintiff Jane Doe, that Jane Doe would be vulnerable to sexual abuse by Brenda Doe.

92. The failure of Defendant CIA to protect Jane Doe from the foreseeable harm of Brenda Doe's misconduct was committed intentionally, maliciously, and/or recklessly.

93. Each of the aforementioned tortious acts and omissions committed by Defendant CIA directly and proximately caused Jane Doe to sustain severe and permanent damages as described throughout this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendant Currey Ingram Academy in a sum in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT IV
## NEGLIGENCE
**Plaintiffs Grace Roe, James Roe and Margaret Roe v. Defendant Currey Ingram Academy**

94. Plaintiffs Grace Roe, James Roe and Margaret Roe incorporate the foregoing paragraphs as if set forth fully herein.

95. CIA was negligent and caused serious physical and emotional harm to Grace Roe, and to her parents as bystanders to the injury and suffering of their minor daughter, Grace Roe. Despite its control and knowledge of the danger posed by Brenda Doe, CIA failed to prevent, report, and/or remedy ongoing sexual harassment and abuse of Grace Roe. As a result, Grace Roe was foreseeably injured.

96.     Plaintiffs seek all compensatory and punitive damages available against CIA for its negligent acts and omissions resulting in serious humiliation, trauma, sexual violation, distress and any consequential damages.

97.     Defendant CIA knew or reasonably should have known that Brenda Doe was at risk of sexually assaulting others and was capable of committing immoral acts upon minor-Plaintiff Grace Roe.

98.     After finding out about Brenda Doe's inappropriate sexual acts toward minors, CIA did not actively investigate and/or pursue a resolution, but rather attempted to force reconciliation with the abuser and keep this information from parents and law enforcement.

99.     Defendant CIA owed minor-Plaintiff Grace Roe, its student, a special duty of care.

100.    Defendant CIA had a duty to protect minor-Plaintiff Grace Roe from reasonably foreseeable dangers posed by its other minor students, including Brenda Doe.

101.    Defendant CIA ratified Brenda Doe's inappropriate sexual conduct by declining to investigate, report and/or discipline Brenda Doe for her inappropriate sexual conduct as to Plaintiff Grace Roe.

102.    Defendant CIA ratified the conduct of its employees and agents, including but not limited to, Mitchell, Ragsdale, Faulks, Rappelt, Serrano and Brenda Doe's Mother by choosing to not report known child abuse, alert the parents of victims of Brenda Doe, alert law enforcement officials, prevent Brenda Doe from coming back to CIA and/or protecting Grace Roe from further harm after her abuse was reported.

103.    Minor-plaintiff Grace Roe was an invitee or licensee of Defendant CIA.

104.     Defendant CIA was under a duty to exercise reasonable care to control the conduct of Brenda Doe and prevent her from intentionally harming others or from conducting herself so as to create an unreasonable risk of bodily harm to them.

105.     Defendant CIA knew or had reason to know that Brenda Doe sexually assaulted minor students, including Grace Roe, and caused them bodily harm.

106.     Defendant CIA had a continuing duty to exercise reasonable care to prevent further injury to Grace Roe.

107.     Defendant CIA's failure to exercise reasonable care increased the risk of harm to Grace Roe from Brenda Doe.

108.     Through each of these negligent acts and omissions, Defendant CIA acted in reckless disregard of the safety of minor-Plaintiff Grace Roe and knew or had reason to know of facts which would lead a reasonable person to realize that its conduct created an unreasonable risk of physical harm to Grace Roe, but also that such risk was substantially greater than that which is necessary to make their conduct not negligent.

109.     It was reasonably foreseeable that if Defendant CIA did not adequately exercise reasonable care toward minor-Plaintiff Grace Roe, that Grace Roe would be vulnerable to sexual abuse by Brenda Doe.

110.     The failure of Defendant CIA to protect Grace Roe from the foreseeable harm of Brenda Doe's misconduct was committed intentionally, maliciously, and/or recklessly.

111.     Each of the aforementioned tortious acts and omissions committed by Defendant CIA directly and proximately caused Grace Roe to sustain severe and permanent damages as described throughout this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendant Currey Ingram Academy in a sum in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

**COUNT V**
**NEGLIGENT SUPERVISION AND RETENTION**
**Plaintiffs Jane Doe, John Doe and Mary Doe v. Defendant Currey Ingram Academy**

112.     Plaintiffs Jane, John, and Mary Doe incorporate the foregoing paragraphs as if set forth fully herein.

113.     Defendant CIA owed a special duty of care to minor-Plaintiff Jane Doe as a student and an invitee.

114.     Supervision of agents, servants, employees, and students within CIA's control was mandatory and created an unqualified duty upon it.

115.     Defendant CIA, directly and by and through its actual or apparent agents, servants, and employees undertook or otherwise had a duty to engage in reasonable supervision, monitoring, and retention of its employees, agents, representatives and/or students.

116.     Defendant CIA directly and by and through its actual or apparent agents, servants, and employees, knew or reasonably should have known that Brenda Doe posed a risk of committing sexual, physical, emotional, and psychological violence against minor-Plaintiff Jane Doe and others.

117.     It was reasonably foreseeable to Defendant CIA that minor-Plaintiff Jane Doe could fall victim to sexual assault committed by Brenda Doe.

118.     Defendant CIA, directly and by and through its agents systematically breached its duty to minor-Plaintiff Jane Doe by:

a.  Failing to protect Plaintiff from abusive conduct by Brenda Doe;

b.  Failing to properly monitor and supervise Ragsdale, Faulks, Brenda Doe, Brenda Doe's Mother, Rappelt and/or Serrano;

c.  Failing to institute an effective sexual abuse reporting process, intervention protocols, investigative procedures, and procedures to follow upon a substantiated finding of abuse;

d.  Failing to obey the Tennessee law related to mandatory reporting;

e.  Failing to prevent Brenda Doe from committing psychologically and sexually abusive acts upon Plaintiff; and

f.  Other acts and omissions that may become apparent during the course of discovery.

119.  It was reasonably foreseeable that if Defendant CIA and/or its agents or employees did not adequately exercise reasonable care toward minor-Plaintiff Jane Doe that she would be vulnerable to sexual abuse by Brenda Doe.

120.  The failure of Defendant CIA to protect minor-Plaintiff Jane Doe from the foreseeable harm of Brenda Doe's misconduct was committed intentionally, fraudulently, maliciously, recklessly, or with gross negligence.

121.  Each of Defendant CIA's aforementioned tortious acts and omissions relative to agents and/or employees reporting inappropriate sexual behavior directly and proximately caused Plaintiff Jane Doe to sustain severe and permanent damages as described throughout this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendant Currey Ingram Academy in a sum in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

**COUNT VI**

## NEGLIGENT SUPERVISION AND RETENTION
### Plaintiffs Grace Roe, James Roe and Margaret Roe v. Defendant Currey Ingram Academy

122.     Plaintiffs Grace Roe, James Roes, and Margaret Roe incorporate the foregoing paragraphs as if set forth fully herein.

123.     Defendant CIA owed a special duty of care to minor-Plaintiff Grace Roe as a student and an invitee.

124.     Supervision of agents, servants, employees and students within CIA's control was mandatory and created an unqualified duty upon it.

125.     Defendant CIA, directly and by and through its actual or apparent agents, servants, and employees undertook or otherwise had a duty to engage in reasonable supervision, monitoring, and retention of its employees, agents, representatives and/or students.

126.     Defendant CIA directly and by and through its actual or apparent agents, servants, and employees, knew or reasonably should have known that Brenda Doe posed a risk of committing sexual, physical, emotional and psychological violence against minor-Plaintiff Grace Roe and others.

127.     It was reasonably foreseeable to Defendant CIA that minor-Plaintiff Grace Roe could fall victim to sexual assault committed by Brenda Doe.

128.     Defendant CIA, directly and by and through its agents systematically breached its duty to minor-Plaintiff Grace Roe by:

   a.   Failing to protect Plaintiff from abusive conduct by Brenda Doe;

   b.   Failing to properly monitor and supervise Ragsdale, Faulks, Brenda Doe, Brenda Doe's Mother, Rappelt and/or Serrano;

   c.   Failing to institute an effective sexual abuse reporting process, intervention protocols, investigative procedures, and procedures to follow upon a substantiated finding of abuse;

d. Failing to obey the Tennessee law related to mandatory reporting;

e. Failing to prevent Brenda Doe from committing psychologically and sexually abusive acts upon Plaintiff; and

f. Other acts and omissions that may become apparent during the course of discovery.

129. It was reasonably foreseeable that if Defendant CIA and/or its agents or employees did not adequately exercise reasonable care toward minor-Plaintiff Grace Roe that she would be vulnerable to sexual abuse by Brenda Doe.

130. The failure of Defendant CIA to protect minor-Plaintiff Grace Roe from the foreseeable harm of Brenda Doe's misconduct was committed intentionally, fraudulently, maliciously, recklessly, or with gross negligence.

131. Each of Defendant CIA's aforementioned tortious acts and omissions relative to agents and/or employees reporting inappropriate sexual behavior directly and proximately caused Plaintiff to sustain severe and permanent damages as described throughout this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendant Currey Ingram Academy in a sum in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT VII
## NEGLIGENT TRAINING
### Plaintiffs Jane Doe, John Doe and Mary Doe v. Defendant Currey Ingram Academy

132. Plaintiffs Jane Doe, John Doe and Mary Doe incorporate the foregoing paragraphs as if set forth fully herein.

30

133.     At all relevant times, Defendant CIA was responsible for the training and education of its agents, employees, servants, and representatives regarding the recognition of, monitoring for, and prevention of sexual abuse of minor children in its care and custody.

134.     Defendant CIA, directly and by and through its agents, failed to sufficiently train and educate its agents, employees, servants, and representatives with respect to Brenda Doe's sexual abuse by:

      a.   Failing to educate and inform agents, employees, servants or representatives that sexual abuse may have occurred or was at risk of occurring;

      b.   Failing to educate and train agents, employees, servants or representatives how to detect, prevent, monitor for, report and investigate sexual abuse within Currey Ingram Academy; and

      c.   Other acts and omissions which caused Plaintiff Jane Doe's sexual abuse to go unreported, uninvestigated, and to persist for years.

135.     The failure of Defendant CIA to act so as to protect minor-Plaintiff Jane Doe from the foreseeable harm of Brenda Doe's misconduct was committed intentionally, fraudulently, maliciously, recklessly, or with gross negligence.

136.     Each of Defendant CIA's aforementioned negligent acts and omissions relative to investigating and reporting complaints of sexual abuse directly and proximately caused minor-Plaintiff Jane Doe to sustain severe and permanent damages as described throughout this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendant Currey Ingram Academy in a sum in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

**COUNT VI**

## NEGLIGENT TRAINING
## Plaintiffs Grace Roe, James Roe and Margaret Roe v. Defendant Currey Ingram Academy

137.    Plaintiffs Grace Roe, James Roe and Margaret Roe incorporate the foregoing paragraphs as if set forth fully herein.

138.    At all relevant times, Defendant CIA was responsible for the training and education of its agents, employees, servants, and representatives regarding the recognition of, monitoring for, and prevention of sexual abuse of minor children in its care and custody.

139.    Defendant CIA, directly and by and through its agents, failed to sufficiently train and educate its agents, employees, servants, and representatives with respect to Brenda Doe's sexual abuse by:

> d.  Failing to educate and inform agents, employees, servants or representatives that sexual abuse may have occurred or was at risk of occurring;
>
> e.  Failing to educate and train agents, employees, servants or representatives how to detect, prevent, monitor for, report and investigate sexual abuse within Currey Ingram Academy; and
>
> f.  Other acts and omissions which caused Plaintiff Grace Roe's sexual abuse to go unreported, uninvestigated, and to persist for years.

140.    The failure of Defendant CIA to act so as to protect minor-Plaintiff Grace Roe from the foreseeable harm of Brenda Doe's misconduct was committed intentionally, fraudulently, maliciously, recklessly, or with gross negligence.

141.    Each of Defendant CIA's aforementioned negligent acts and omissions relative to investigating and reporting complaints of sexual abuse directly and proximately caused minor-Plaintiff Grace Roe to sustain severe and permanent damages as described throughout this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendant Currey Ingram Academy in a sum in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT VII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**Plaintiffs Jane Doe, John Doe and Mary Doe v. Defendant Currey Ingram Academy**

142.     Plaintiffs Jane Doe, John Doe and Mary Doe incorporate the foregoing paragraphs as if set forth fully herein.

143.     Defendant CIA, directly and by and through its employees and agents, intentionally engaged in extreme and outrageous conduct by:

    a.  Falsely claiming that Plaintiff's claims of sexual abuse were "baseless" or otherwise without merit;

    b.  Instructing Plaintiff to forgive and make friends with her abuser;

    c.  Failing to prevent Brenda Doe from sexually abusing Plaintiff despite reasonable knowledge that Brenda Doe was or would attempt to do so;

    d.  Allowing Brenda Doe to continue attending the Academy and giving her access to unsuspecting victims, including Plaintiff; and

    e.  Other acts and omissions which caused Plaintiff Jane Doe's sexual abuse to go unreported, uninvestigated, and to persist for years.

144.     Defendant CIA knew that there was a high probability that failing to address the allegations of sexual abuse by Brenda Doe would result in further sexual abuse to students, including Jane Doe.

145.     As a result of Defendant CIA's intentional conduct, Jane Doe suffered severe physical and emotional harm and continues to suffer that harm today.

146.     Plaintiff has experienced and currently experiences severe depression, stress-induced chronic illness arising from the abuse, PTSD, violent and intrusive thoughts, nightmares, flashbacks, fear and mistrust of authority figures, and extreme difficulty in engaging in normal, healthy emotionally and physically intimate relationships.

147.     Defendant CIA's aforementioned tortious acts and omissions, which constituted extreme and outrageous conduct, directly and proximately caused minor-Plaintiff Jane Doe to sustain severe and permanent damages as described above and throughout this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendant Currey Ingram Academy in a sum in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

### COUNT VIII
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**Plaintiffs Grace Roe, James Roe and Margaret Roe v. Defendant Currey Ingram Academy**

148.     Plaintiffs Grace Roe, James Roe and Margaret Roe incorporate the foregoing paragraphs as if set forth fully herein.

149.     Defendant CIA, directly and by its employees and agents, intentionally engaged in extreme and outrageous conduct by:

   a.  Falsely claiming that Plaintiff's claims of sexual abuse were "baseless" or otherwise without merit;

   b.  Instructing Plaintiff to forgive and make friends with her abuser;

   c.  Failing to prevent Brenda Doe from sexually abusing Plaintiff despite reasonable knowledge that Brenda Doe was or would attempt to do so;

   d.  Allowing Brenda Doe to continue attending the Academy and giving her access to unsuspecting victims, including Plaintiff; and

e. Other acts and omissions which caused Plaintiff Grace Roe's sexual abuse to go unreported, uninvestigated, and to persist for years.

150. Defendant CIA knew that there was a high probability that failing to address the allegations of sexual abuse by Brenda Doe would result in further sexual abuse to students, including Grace Roe.

151. As a result of Defendant CIA's intentional conduct, Grace Roe suffered severe physical and emotional harm and continues to suffer that harm today.

152. Plaintiff has experienced and currently experiences severe depression, stress-induced chronic illness arising from the abuse, PTSD, violent and intrusive thoughts, nightmares, flashbacks, fear and mistrust of authority figures, and extreme difficulty in engaging in normal, healthy emotionally and physically intimate relationships.

153. Defendant CIA's aforementioned tortious acts and omissions, which constituted extreme and outrageous conduct, directly and proximately caused minor-Plaintiff Grace Roe to sustain severe and permanent damages as described above and throughout this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendant Currey Ingram Academy in a sum in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## COUNT IX
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### Plaintiffs Jane Doe, John Doe and Mary Doe v. Defendant Currey Ingram Academy

154. Plaintiffs Jane Doe, John Doe and Mary Doe incorporate the foregoing paragraphs as if set forth fully herein.

155.     Defendant CIA had a duty to minor-Plaintiff Jane Doe to, among other things, avoid inflicting emotional distress on her, and to take affirmative steps to avoid having Ragsdale, Faulks, Serrano, Brenda Doe's Mother, Rappelt, and/or Brenda Doe inflict emotional harm on her.

156.     Defendant CIA, by and through its employees and agents, breached this duty by:

    a.  Falsely claiming that Plaintiff's claims of sexual abuse were "baseless" or otherwise without merit;

    b.  Instructing Plaintiff to forgive and make friends with her abuser;

    c.  Failing to prevent Brenda Doe from sexually abusing Plaintiff despite reasonable knowledge that Brenda Doe was or would attempt to do so;

    d.  Allowing Brenda Doe to continue attending the Academy and giving her access to unsuspecting victims, including Plaintiff; and

    e.  Other acts and omissions which caused Plaintiff Jane Doe's sexual abuse to go unreported, uninvestigated, and to persist for years.

157.     Defendant CIA knew that there was a high probability that failing to address the allegations of sexual abuse by Brenda Doe would result in further sexual abuse to students, including Jane Doe.

158.     As a result of Defendant CIA's negligent conduct, Jane Doe suffered severe physical and emotional harm, and physical manifestations of such harm, which continues to suffer that harm today.

159.     Plaintiff has experienced and currently experiences severe depression, stress-induced chronic illness arising from the abuse, PTSD, violent and intrusive thoughts, nightmares, flashbacks, fear and mistrust of authority figures, and extreme difficulty in engaging in normal, healthy emotionally and physically intimate relationships.

160.     Defendant CIA's aforementioned tortious acts and omissions, which constituted extreme and outrageous conduct, directly and proximately caused minor-Plaintiff Jane Doe to sustain severe and permanent damages as described above and throughout this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendant Currey Ingram Academy in a sum in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

**COUNT X**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**Plaintiffs Grace Roe, James Roe and Margaret Roe v. Defendant Currey Ingram Academy**

161.     Plaintiffs Grace Roe, James Roe, and Margaret Roe incorporate the foregoing paragraphs as if set forth fully herein.

162.     Defendant CIA had a duty to minor-Plaintiff Grace Roe to, among other things, avoid inflicting emotional distress on her, and to take affirmative steps to avoid having Ragsdale, Faulks, Serrano, Brenda Doe's Mother, Rappelt, and/or Brenda Doe inflict emotional harm on her.

163.     Defendant CIA, by and through its employees and agents, breached this duty by:

    a. Falsely claiming that Plaintiff's claims of sexual abuse were "baseless" or otherwise without merit;

    b. Instructing Plaintiff to forgive and make friends with her abuser;

    c. Failing to prevent Brenda Doe from sexually abusing Plaintiff despite reasonable knowledge that Brenda Doe was or would attempt to do so;

    d. Allowing Brenda Doe to continue attending the Academy and giving her access to unsuspecting victims, including Plaintiff; and

    e. Other acts and omissions which caused Plaintiff Grace Roe's sexual abuse to go unreported, uninvestigated, and to persist for years.

164.    Defendant CIA knew that there was a high probability that failing to address the allegations of sexual abuse by Brenda Doe would result in further sexual abuse to students, including Grace Roe.

165.    As a result of Defendant CIA's negligent conduct, Grace Roe suffered severe physical and emotional harm, and physical manifestations of such harm, which continues to suffer that harm today.

166.    Plaintiff has experienced and currently experiences severe depression, stress-induced chronic illness arising from the abuse, PTSD, violent and intrusive thoughts, nightmares, flashbacks, fear and mistrust of authority figures, and extreme difficulty in engaging in normal, healthy emotionally and physically intimate relationships.

167.    Defendant CIA's aforementioned tortious acts and omissions, which constituted extreme and outrageous conduct, directly and proximately caused minor-Plaintiff Jane Doe to sustain severe and permanent damages as described above and throughout this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendant Currey Ingram Academy in a sum in excess of Fifty Thousand ($50,000.00) Dollars, and in excess of the prevailing arbitration limits, in compensatory damages and punitive damages, exclusive of pre-judgment interest, post-judgment interests and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** in consideration of the above claims, Plaintiffs request that a jury be selected to hear this case and render a verdict for the Plaintiffs, and against the Defendant, and that the jury selected award damages to the Plaintiffs in an amount which will effectively prevent other similarly caused acts and adequately reflects the enormity of the Defendants' wrongs and injuries to the Plaintiffs due to the Defendant's faulty conduct, including but not limited to:

a. All available compensatory damages for the described losses with respect to each cause of action;

b. Past and future medical expenses, as well as the costs associated with past and future life care;

c. Past and future lost wages and loss of earning capacity;

d. Past and future emotional distress;

e. Consequential and/or special damages;

f. All available non-economic damages, including without limitation pain, suffering, and loss of enjoyment of life;

g. Punitive damages with respect to each cause of action;

h. Reasonable and recoverable attorney's fees;

i. Costs of this action; and

j. Pre-judgement and all other interest recoverable.
   Further, Plaintiffs request that the Court enter judgment consistent with the jury's verdict

and prays for any other damages and equitable relief the Court or jury deems appropriate under

the circumstances.

/s/ Philip Miller
Phillip Miller, #006873
*Attorney for the Plaintiff*
631 Woodland Street
Nashville, TN 37206
615-356-2000 phone
615-242-1739 fax
pmiller@seriousinjury.com


Brian D. Kent**
Gaetano D'Andrea**
Jill Roth**
Michael McFarland**
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street, Suite 300

Philadelphia, PA 19107
(T): (215) 399-9255
(E): cvgdteam@laffeybuccikent.com
\* *appearing pro hac vice*
\*\**pro hac vice application pending*

Date: 4/26/23