IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
(NASHVILLE DIVISION)

| | |
|---|---|
| Jane Doe, a student, by and through her parents, John Doe, her father, and Mary Doe, her mother, and Her Parents, Individually, John and Mary Doe, <br><br>And, <br><br>Grace Roe, a Student, by and through her parents, James Roe, her father, and Margaret Roe, Her Mother, and Her Parents, Individually, James Roe and Margaret Roe, <br><br>    Plaintiffs, <br><br>VS. <br><br>Currey Ingram Academy, <br><br>    Defendant. | NO . <br><br> JURY DEMAND |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

COME THE PLAINTIFFS, Jane Doe, through her parents, and her parents, individually, John Doe and Mary Doe (pseudonyms) and Grace Roe, through her parents, individually, James and Margaret Roe (pseudonyms) through counsel, and hereby respectfully move the Court, pursuant to Fed. R. Civ. P. 5.2, Fed. R. Civ. P. 10, and Fed. R. Civ. P. 26, for permission to proceed in this action and litigate this case under the pseudonyms "Jane Doe," "John Doe," "Mary Doe," "Grace Roe," James Roe," and "Margaret Roe," to enter a protective order barring the disclosure of their true names or other information that identifies them or their family members, directly or indirectly, and requiring that any documents containing such information be redacted or filed under seal, and to ensure the Defendant(s) in this matter keep(s) the

1

Plaintiffs' identities confidential during the prosecution of this lawsuit and after its conclusion. In support of this motion, Plaintiffs rely upon this supporting memorandum and the record in this case and state as follows:

I. **BACKGROUND**

Plaintiffs initiated this action on April 21, 2023, against Defendant Currey Ingram Academy (hereinafter "CIA," a Tennessee non-profit corporation, alleging numerous instances of emotional and sexual abuse, including sexual abuse of minor Plaintiffs that occurred on the campus of CIA, at the home of a CIA employee, and other locations, and violations related to the Education Amendments of 1972 of Title IX in violation of laws of the United States and Tennessee. This litigation is in its infancy. *See* Doc. 1, Compl., filed contemporaneously with the instant motion.

Although, Fed. R. Civ. P. 10(a) dictates that "[t]he title of the complaint must name all parties," the Plaintiffs in this case, survivors of child sexual abuse and their parents, filed their case under the pseudonym Jane Doe," "John Doe," "Mary Doe," "Grace Roe," James Roe," and "Margaret Roe," and now formally seeks the protection of these pseudonyms as previously requested in the Complaint. *See* Doc. 1, Compl. at par. 3. Accordingly, Plaintiffs move this Honorable Court to permit them to proceed pseudonymously throughout this litigation.

It has been held that "trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co., Inc.,* 723 F.2d 470, 474 (6th Cir. 1983) (citations omitted). Plaintiffs can be excused from identifying themselves if the Court concludes that their "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe* v. *Porter,* 370 F.3d 558, 560 (6th Cir. 2004). In addition, Fed. R. Civ. P. 26(c)(1) specifically authorizes the Court

"for good cause" to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon the plaintiffs' motion. The Court may grant a protective order under Rule 26(c)(1) for "good cause" and has "broad discretion...to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20,36 (1984).

II. **ARGUMENT**

Generally, a complaint must identify the name of the Plaintiff. *See* Fed. R. Civ. P. 10(a). Plaintiffs are, however, permitted to proceed anonymously in certain circumstances. *See Citizens for a Strong Ohio v. Marsh,* 123 Fed. Appx. 630, 636 (6th Cir., Jan. 3, 2005). When considering whether a plaintiff should be permitted to prosecute an action anonymously, the Court considers factors such as: (1) whether the plaintiff is challenging governmental activity; (2) whether prosecution of the action will compel plaintiff to disclose information "of the utmost intimacy;" (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether plaintiff is a minor. *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Other factors courts consider include: (1) whether the defendants will be prejudiced if the plaintiff proceeds under a pseudonym; (2) whether the plaintiff will suffer harm if he is identified; and (3) the public interest in guaranteeing open access to judicial proceedings without denying litigants access to the justice system. *See EW v. New York Blood Center*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) (citations omitted). No one factor is dispositive. *See Doe v. University of Pittsburgh,* 2018 WL 1312219 at *2 (W.D. Mich., Mar. 14, 2018).

Furthermore, state law in Tennessee has long permitted plaintiffs to proceed anonymously. *Campbell* v. *Sundquist,* 926 S.W.2d 250, 253 n.l (Tenn. App. 1996) (Doe plaintiffs challenging Tennessee's Homosexual Practices Act, which criminalizes homosexual

sex, proceed anonymously for fear of social and governmental retaliation and/or prosecution); *Doe v. HCA Health Services of Tennessee, Inc.,* 46 S.W.3d 191, 194 (Tenn. 2001) ("The trial court permitted the plaintiffs to use pseudonyms because 'Mrs. Doe' is employed in a physician's office, and she feared that public disclosure of her identity might subject her employer to retaliation and/or embarrassment."); *Estate of Doe v. Vanderbilt University, Inc.,* 958 S.W.2d 117 (Tenn. App. 1997) (HIV infection case); *Doe v. State,* Dept. Of Children's Services, No. E2008-00511-COA-R3-CV, 2009 WL 17851 (Tenn. Ct. App. 2009) (Challenge to sex offender status); *Doe v. Linder Const. Co., Inc.,* 845 S.W.2d 173 (Tenn. 1992) (sexual assault case); Doe v. Board of Educ. of Memphis City Schools, 799 S.W.2d 246 (Tenn. App. 1990) (sexual assault case); *Doe v. Goodwin,* 254 S.W.3d 428 (Tenn. Ct. App. 2007) (sexual assault case); *Doe v. Mama Taori's Premium Pizza,* LLC, No. M1998-00992-COA- R9-CV, 2001 WL 327906 (Tenn. Ct. App. 2001) (sexual assault case).

Additionally, federal and state courts have recognized the need for Plaintiffs in certain cases to proceed under a pseudonym in order to preserve their privacy and avoid the humiliation arising in cases involving severely sensitive personal matters. *See Southern Methodist University Ass'n v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979); *Roe v. Franklin County* (10th Dist. App. 1996), 109 Ohio App. 3d 772, 673 N.E.2d 172; *Roe v. Heap* (10th Dist. App. 2004), 2004 Ohio 2504. Further, notably, the U.S. Supreme Court has authorized the use of pseudonym complaints due to the sensitive and highly private nature of the subject matter. See *Roe v. Wade,* 410 U.S. 113 (1973); *Doe v. Bolton,* 410 U.S. 179 (1973).

Here the overwhelming balance of factors to be considered and interests at issue weigh in favor of permitting Plaintiffs to proceed anonymously. Plaintiffs are concerned they will be required to disclose information "of utmost intimacy" if they are not allowed to proceed

pseudonymously. Plaintiffs allege they, or their minor daughters, were sexually abused. *See* Doc. 1. Because the acts involving the minor Plaintiff as described in the Complaint are by their very nature child sex abuse, the need for protecting the Plaintiffs true identities is even more pronounced.

In order to maintain their privacy and safety, Plaintiffs should not be compelled to disclose their true identities publicly in this lawsuit. Here, Plaintiffs have asserted privacy rights, such as protecting Plaintiffs from being re-traumatized as survivors of child sexual abuse, or their parents; from exposure to public ridicule and scorn; from the association of Plaintiffs' name online or in the press with the sexual abuse the minor Plaintiffs suffered; and safety concerns related to their abuser that substantially outweigh the presumption of open judicial proceedings. Plaintiffs' identities have simply been withheld so as to protect their privacy and identities in terms of the public record, and their anonymity affords Defendants no inconvenience or prejudice whatsoever as Defendant knows and/or will know Plaintiffs' identities and will not be prevented from conducting discovery using their names. By using a pseudonym, Plaintiff are able to protect themselves from further trauma, harm, embarrassment, and prejudice, due to the highly private and personal matters of this case. Here, while Plaintiffs are not challenging governmental activity nor disclosing an intention to violate the law (factors 1 and 3 under *Doe v. Porter*) they will assuredly be compelled to disclose information "of the utmost intimacy" (factor 2) which is an extremely compelling consideration in light of the minor Plaintiffs' status as minors and survivors of childhood of sexual abuse, and adult Plaintiffs' status as parents of same. Further, Plaintiffs Jane Doe and Grace Roe were minors at the time of the abuse alleged in the Complaint and are still minors (factor 4). As such, that factor also weighs in favor of Plaintiffs, and heavily in the overall analysis. As stated, the Defendant will suffer no prejudice

should Plaintiffs be permitted to proceed anonymously (additional factor 1), Plaintiffs will clearly suffer harm if identified (additional factor 2), and the public interest in open access to proceedings, if any in this particular matter, will in no way be harmed (additional factor 3)

In addition, the following other factors weigh in favor of allowing Plaintiffs to proceed anonymously:

a. Plaintiffs fear of increased embarrassment, humiliation, and stigmatization as a sexual assault victim would compound the "severe emotional damage" caused by the alleged actions of the Defendant if their identities were disclosed;

b. the magnitude of the public interest in maintaining the confidentiality of the identities of sexual assault victims generally;

c. the potential that Plaintiffs and other victims of child abuse at the hands of Brenda Doe and/or through the negligence and recklessness of this Defendant may refuse to continue and/or come forward to pursue this litigation should Plaintiffs be precluded from using a pseudonym; and

d. Plaintiffs' lack of illegitimate motive.

Finally, and to reiterate, the Defendant will not be prejudiced whatsoever by Plaintiffs proceeding anonymously. Plaintiffs hereby agrees to reveal their true identities to the Defendant for the limited purpose of investigating Plaintiffs' claims once a protective order governing all documents containing their true names or other information (e.g. driver's license number, medical record number, etc.) that could reveal their true names is entered in this case and the appropriate time for discovery is reached in this litigation. In seeking the protection of a pseudonym, Plaintiffs simply seeks redaction of their personal identifying information from the public docket and a protective order preventing the publication of the Plaintiffs' true identities

6

because they alleges in their Complaint that minor Plaintiffs are victims of child sexual abuse.

III. **CONCLUSION**

WHEREFORE, Plaintiffs respectfully and more formally move this Honorable Court to permit them to proceed pseudonymously throughout this litigation.

Respectfully submitted this ____ date of _____, 2023.

/s/ Philip Miller
Phillip Miller, #006873
*Attorney for the Plaintiff*
631 Woodland Street
Nashville, TN 37206
615-356-2000 phone
615-242-1739 fax
pmiller@seriousinjury.com


Brian D. Kent**
Gaetano D'Andrea**
Jill Roth**
Michael McFarland**
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street, Suite 300
Philadelphia, PA 19107
(T): (215) 399-9255
(E): cvgdteam@laffeybuccikent.com
* *appearing pro hac vice*
***pro hac vice application pending*

Date:_____