# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JANE DOE, a student, by and through her parents, JOHN DOE, her father, and MARY DOE, her mother, and Her Parents, Individually, John and Mary Doe, | No.: 3:23-cv-00422 |
| And, | JUDGE ELI J. RICHARDSON<br>MAGISTRATE JUDGE ALISTAIR NEWBERN |
| GRACE ROE, a student, by and through her parents, JAMES ROE, her father, and MARGARET ROE, Her Mother, and Her Parents, Individually, James Roe and Margaret Roe | |
| Plaintiffs, | |
| v. | |
| CURREY INGRAM ACADEMY | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STAY LITIGATION

Defendant Currey Ingram Academy (hereinafter referred to as "Defendant"), by and through counsel, pursuant to Local Rule 7.01, submits this Memorandum of Law in support of its Motion to Stay Litigation.

## BACKGROUND

Plaintiffs filed this action in this Court based on its claims involving Title IX, giving the Court subject matter jurisdiction by way of a federal question. On June 21, 2023, Defendant filed a Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction [ECF #13]. Defendant submits that if the Court finds Title IX does not apply to the Defendant, this Court will no longer have jurisdiction over this matter. Further, since a majority of Plaintiffs'

1

claims involve Title XI, it is very likely that these claims will be the subject of future discovery. Discovery related to these claims will involve a great deal of information, voluminous documents, and many witnesses, including non-party minors. Requiring Defendant to participate in discovery related to claims that may very likely be dismissed is unnecessarily burdensome, unfairly prejudicial, and unduly expensive. For these reasons, Defendant moves to stay discovery pending the Court's decision on the Motion to Dismiss.

## **LAW AND ARGUMENT**

Trial courts "have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." Hahn v. Star Bank, 190 F.3d 708, 719 (6th Cir. 1999). In fact, this Court has recognized that the "power to stay discovery 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,' including while preliminary questions that may resolve the case are pending." Harmer v. Cannata, 2023 U.S. Dist. LEXIS 31018, 2023 WL 2228985 at *2 (M.D. Tenn February 24, 2023) (quoting Nissan North America, Inc. v. DeltaWing Project 56, LLC, 2015 U.S. Dist. LEXIS 160882, 2015 WL 7756146, at *2 (M.D. Tenn. Dec. 1, 2015); see also Bangas v. Potter, 145 F. App'x 139, 141 (6th Cir. 2005) ("District courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered.").

This Court has recognized that a motion to stay discovery may be particularly appropriate in a case where, as here, the Court's jurisdiction is in question. Harmer, 2023 WL 2228985 at *2; citing Solomon v. Solomon, No. 3:21-0498, 2022 U.S. Dist. LEXIS 89871, 2022 WL 1460364, at *1 (M.D. Tenn. Feb. 15, 2022) (endorsing Judge Todd Campbell's finding that, "in a case where jurisdiction is challenged . . . 'should the Court find it has no jurisdiction and dismiss the

2

action,' the Defendants 'would have no need for the burden or expense of participating in the litigation'") (parenthetical in original).

"In ruling upon a motion to stay discovery, the Court [must] weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery… and take into account any societal interests which are implicated by either proceeding or postponing discovery." <u>Bridgestone Americas, Inc. v. IBM</u>, 2016 U.S. Dist. LEXIS 205368, [WL] at *1 (M.D. Tenn. July 6, 2016). The circumstances of this case demonstrate that a stay of discovery is appropriate. The motion to dismiss raises dispositive issues and will likely eliminate a number of claims that will directly affect the scope of discovery. Requiring the parties to participate in discovery at this stage is a unnecessarily burdensome, unfairly prejudicial, and unduly expensive. Further, because the Motion to Dismiss eliminates jurisdiction for this Court, a stay at this juncture reserves duplicative expenditure of judicial resources. The burden to Defendant and to the Court of proceeding with discovery at this time greatly outweighs any prejudice to the Plaintiffs.

## **CONCLUSION**

Staying the litigation at this point will prevent undue burden and expense and conserve judicial resources, without any injury or prejudice to either party. Based on the foregoing, Defendant respectfully asks this Court to stay the litigation proceedings in this matter until the Court reaches a decision on Defendant's Motion to Dismiss for Failure to State a Claim and Lack of Subject Matter Jurisdiction.

## **CERTIFICATION OF CONSULTATION**

Counsel for Defendant has conferred with counsel for Plaintiff who opposes the relief sought in this motion.

Respectfully submitted:

  */s Christen C. Blackburn*
Christen C Blackburn, BPR No. 27104
LEWIS THOMASON, P.C.
424 Church Street, Suite 2500
Nashville, TN 37219
cblackburn@lewisthomason.com
(615) 259-1366
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STAY LITIGATION** has been served on the following counsel of record via the Court's Electronic Filing System and/or Electronic Mail:

Philip Miller
MILLER LAW OFFICES
631 Woodland Street
Nashville, TN 37206
pmiller@seriousinjury.com

Brian D. Kent
Gaetano D'Andrea
Jill Roth
Michael McFarland
LAFFEY, BUCCI & KENT, LLP
1100 Ludlow Street, Suite 300
Philadelphia, PA 19107
cvgdteam@laffeybuccikent.com

This the  5th  day of   October   , 2023

*/s/ Christen C. Blackburn*_____
Christen C Blackburn

4